IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 30, 2008

Charles R. Fulbruge III
Clerk

No. 08-20405
Summary Calendar

CYNTHIA L ARMSTRONG

Plaintiff - Appellant

V.

MICHAEL J ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. 4:07-CV-1943

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

After Cynthia Armstrong prevailed in proceedings reviewing the denial of her claim for Social Security disability benefits, her attorney moved for attorneys' fees under the Equal Access to Justice Act (EAJA). Although Armstrong's attorney requested $5,892.93 in fees, the district court awarded only $1,937.40. On appeal, the only issue is whether the district court abused its discretion in reducing and determining its award. United States v. Truesdale,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

211 F.3d 898, 905 (5th Cir. 2000) (citing Pierce v. Underwood, 487 U.S. 552, 563 (1988)).

Armstrong's attorney's motion for attorneys' fees claimed that he spent 36.5 hours on Armstrong's case. It sought $5,892.93 in attorneys' fees, reflecting a rate of $125 an hour and a cost-of-living adjustment. Three days after the motion was filed, and before the Commissioner could respond, the district court entered an order that awarded only $1,937.40 in attorneys' fees. The order provided no explanation for the award. Armstrong's attorney filed a motion for reconsideration, which the district court denied, stating that "[t]his case just was not that complicated." The district court summarized that 34 out of the 36.5 hours were spent preparing a motion for summary judgment, and called the notion that the motion required such time "unacceptable." But the district court provided no factual or legal rationale for its ruling.

The district court should have made findings as to Armstrong's attorney's hours and rates in the light of the factors, to the extent they are relevant, typically used in determining what constitutes reasonable attorneys' fees in such cases as these.[1] Stating that the case was not complicated and calling Armstrong's attorney's hours "unacceptable" do not amount to a factual and legal finding that Armstrong's attorney earned no more than only $1,937.40 in attorneys' fees. We are here "without benefit of the lower court's reasons for deciding as it did." Iron Workers Local No. 272 v. Bowen, 624 F.2d 1255, 1266 (5th Cir. 1980).

Because we have no basis from which we can review for abuse of discretion, we VACATE the award and REMAND to the district court to articulate factual and legal reasons for its award.

---

[1] We point out that the twelve factors set out in Johnson v. Georgia Highway Express, 488 F.2d 714, 171-19 (5th Cir. 1974), are equally relevant to calculating an attorneys' fees award under the EAJA as under the Civil Rights Act. See Hall v. Shalala, 50 F.3d 367, 369 (5th Cir. 1995).

VACATED and REMANDED.